UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CHILDRESS, JR., | Case No. 5:24-02564 WLH (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| UNITED STATES ATTORNEY GENERAL, et al., | |
| Respondents. | |

I.  **INTRODUCTION**

Before the Court is a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Petitioner Robert Lee Childress, Jr. (Dkt. No. 1.) Petitioner has failed to prosecute the Petition, to comply with court orders, and to state a cognizable claim for habeas relief. For these reasons, as discussed further below, this action is dismissed.

II. **BACKGROUND**

On November 15, 2024, Petitioner filed the Petition. (Dkt. No. 1.) The Petition alleges the Respondents have failed to provide Petitioner medical care for his kidney

disease and blood disorder. (Id.) On December 11, 2024, the Court issued an Order Regarding Screening of Petition ("OSP") explaining the Petition is subject to dismissal for failure to state a cognizable claim for habeas relief. (Dkt. No. 3.) The OSP required Petitioner to file a response, either electing to convert the Petition to a civil rights complaint, proceed with the Petition, or file a notice of voluntary dismissal. (Id.) On December 30, 2025, Petitioner requested an extension of 21 days to respond to the OSP, (Dkt. No. 6), which the Court granted, (Dkt. No. 7). Petitioner did not file a response to the OSP by the extended deadline. On May 7, 2025, the Court issued an Order to Show Cause ("OSC") for failure to prosecute the Petition and follow court orders, requiring Petitioner to respond by May 14, 2025. (Dkt. No. 13.) Despite the OSC being mailed to Petitioner's address of record, the OSC was returned in the mail. (Dkt. No. 14.) As of the date of this Order, Petitioner has not filed a response to the OSC, or otherwise communicated with the Court.

## II.     FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

Petitioner has failed to prosecute the Petition and comply with court orders. Petitioner did not respond to the OSP or the OSC and has failed to keep the Court apprised of his current address. The OSP and OSC expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed for lack of prosecution and failure to obey court orders pursuant to Federal Rule of Civil Procedure 41(b).

Petitioner's failure to respond despite Court orders to do so reflects a lack of prosecution of the case and failure to comply with the Court's orders. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute:

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrants dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

Furthermore, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed. Petitioner has been afforded the opportunity to do so yet has not responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b), Local Rule 7-12, and Local Rule 41-6.

### III. FAILURE TO STATE A COGNIZABLE CLAIM FOR HABEAS RELIEF

The Petition does not state a cognizable claim for federal habeas relief. The Petition is subject to the same screening requirements as a petition brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District

Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254). Pursuant to Habeas Rule 4, this Court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of a prisoner's confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (internal citation omitted). A civil rights action is the proper method to challenge conditions of confinement. Id.; 42 U.S.C. § 1983. When success of a petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus," and the claim must be brought under 42 U.S.C. § 1983. Nettles, 830 F.3d at 935. "A habeas court has the power to release a prisoner, but has no other power." Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

Petitioner's claims solely challenge the conditions of his confinement in that the allegations relate to the failure to provide Petitioner needed medical care while incarcerated. (Dkt. No. 1.) Petitioner does not assert that he is in custody in violation of the U.S. Constitution, federal laws, or treaties, nor does he challenge the legality or duration of his confinement. Moreover, Petitioner's claims would not necessarily lead to Petitioner's immediate or earlier release from confinement. Therefore, the Petition fails to state a cognizable claim for habeas relief. Petitioner's claims may be properly raised in a Section 1983 action. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

The Court may only convert the Petition to a civil rights complaint under 42 U.S.C. § 1983 after obtaining Petitioner's consent.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) ("[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner.").  However, despite being notified of this fact in the OSP, Petitioner did not provide his consent or otherwise respond.  Since the Petition does not state a cognizable habeas claim, dismissal of this action is appropriate.

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that this action be summarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 7-12, Local Rule 41-6, and Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Dated:  August 1, 2025

　　　　　　　　　　　　　　　　　　_____
THE HON. WESLEY L. HSU
United States District Judge

Presented by:

　　/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge